CRAWLEY, Judge.
In January 1998, Hazel Moncus, individually and as executrix of the estate of Julia Tatum, deceased; and Earl Perry sued David Keith Argo, requesting that the trial court evict Argo from Tatum’s residence. Moncus and Perry filed a motion for summary judgment, which the trial court granted. Argo appeals.
Moncus and Perry had previously sued Argo, seeking to set aside a deed executed by Tatum and purporting to convey her residence to Argo. In that earlier action, Moncus and Perry had argued that Tatum was incompetent at the time she executed the deed, that Argo had exercised undue influence over Tatum, and that the residence had not been owned by Tatum, individually, but by a trust created by Tatum. The trial court entered a summary judgment in that action for Moncus and Perry. Argo appealed to this court, which reversed the summary judgment. Argo v. Moncus, 721 So.2d 218 (Ala.Civ.App.1998).
In this eviction action, the trial court entered a summary judgment for Moncus and Perry while the appeal in the earlier action was pending. Because we concluded in that appeal that the evidence in that case created genuine issues of material fact that precluded a summary judgment, we must conclude in this present appeal that the trial court in the second action improperly entered the summary judgment for Moncus and Perry. The trial court, before it can decide this eviction case, must determine whether the deed from Tatum to Argo is valid, in accordance with our August 28, 1998, opinion, 721 So.2d 218, in the appeal from the action to set aside the deed. Therefore, we reverse the summary judgment and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.